UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT GREER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-262-KAC-DCP |
| | ) | |
| CAROL HAGEN, d/b/a TENNESSEE ARTISAN HONEY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO AMEND COMPLAINT**

This case is before the Court on Plaintiffs' "Motion for Leave to File First Amended Class Action Complaint" [Doc. 54]. Because permitting Plaintiffs to amend their Complaint would be futile and, alternatively, would cause undue prejudice at this stage in the litigation, the Court denies Plaintiffs' Motion.

**I.  Procedural Background**

On June 12, 2020, Plaintiffs filed an initial Complaint against six (6) Defendants, alleging (1) Fraudulent Misrepresentation (Count One) (against all Defendants); (2) violation of the Illinois Consumer Fraud Act (Count Two) (against Defendants Strange Honey Farm, LLC; Gary Strange; and Fonda Strange (collectively, Strange Honey Defendants)); (3) violation of the North Carolina Uniform Deceptive Trade Practices Act (Count Three) (against the Strange Honey Defendants); (4) violation of the Florida Uniform Deceptive and Unfair Trade Practices Act (Count Four) (against the Strange Honey Defendants); and (5) violation of the Virginia Consumer Protection Act (Count Five) (against the Strange Honey Defendants) [Doc. 1]. The Strange Honey Defendants filed a Motion to Dismiss all Counts on June 3, 2020, [Doc. 18], and Defendants Ingles

Markets, Inc. and K-VA-T Food Stores, Inc. d/b/a Food City (collectively, Stores Defendants) filed a separate Motion to Dismiss Count One against them on August 3, 2020, [Doc. 27]. At no time after the filing of these initial motions to dismiss did Plaintiffs seek to amend the initial Complaint. *See* Fed. R. Civ. P. 15(a)(1). The Court then granted the Strange Honey Defendants' Motion to Dismiss and the Stores Defendants' Motion to Dismiss, concluding that Plaintiffs' Complaint "fail[ed] to plead the 'circumstances' constituting each of the Moving Defendant's alleged fraud with particularity" "under Federal Rules of Civil Procedure 12(b)(6) and 9(b)" [*See* Docs. 50 at 1; 51 at 1]. As a result, the sole remaining Defendant in this case is "Carol Hagen d/b/a Tennessee Artisan Honey," and the sole remaining claim in this case is Count One against "Carol Hagen d/b/a Tennessee Artisan Honey."

Plaintiffs now seek to file an Amended Complaint that purportedly "cure[s] deficiencies in their Complaint" by "add[ing] factual support and clarification as to its allegations with regard to the times and locations of the alleged wrongful conduct of Defendants" [Doc. 54 at 2]. The proposed Amended Complaint would bring the five (5) previously-dismissed Defendants back into this case and would revive four (4) previously-dismissed claims.

The proposed Amended Complaint alleges that:

3. […] Plaintiff Greer bought Strange Honey at Ingles in Tennessee on November 8, 2018.
4. […] Plaintiff Riemer bought Strange Honey at Food City in Nashville, Tennessee on October 28, 2019 and on March 19, 2022.
5. […] Plaintiff Barker bought Strange Honey from the Tennessee Artisan Honey website (http://tennesseeartisanhoney.com/help-the-bees.html) from her home in Illinois on February 21, 2020. [And]
7. […] Plaintiff Bowers bought Strange Honey in Florida from Amazon on February 27, 2020.

[*Id.* ¶¶ 3, 4, 5, 7]. Like the initial Complaint, the proposed Amended Complaint does not identify any particular date that Plaintiff Tucker Goodman and Plaintiff Amber Turner purchased Strange Honey that was allegedly sold in a deceptive way [*See generally id.*].

The proposed Amended Complaint continues to allege that "Strange Honey's labels are false and misleading" because "[t]he honey is neither raw, nor is it from Tennessee" [*Id.* ¶ 19]. But it also alleges that:

> The ***Strange Honey purchased by Plaintiffs in 2020 that t [sic] has been tested*** is from Vietnam. Moreover, it is not 100% honey. Syrup has been added to the honey, because syrup is much cheaper—about one tenth the price of pure honey. As more fully set forth below, Strange Honey is cooked when it is processed. Strange Honey purchased honey from Vietnam when it could not meet the demands for its honey with locally grown honey. It has also added corn syrup to its honey in order to meet consumer demand. Additionally, ***honey purchased by Plaintiffs in 2020 that was tested*** is from Argentina and was cooked when processed.

[*Id.* (emphasis added)]. Both Plaintiff Jane Barker and Plaintiff Dolores Bowers allegedly bought Strange Honey in 2020 in different states [*See id.* ¶¶ 5, 7]. Notably, the allegations related to testing do not identify which of the "Strange Honey purchased by Plaintiffs in 2020" was tested, which Plaintiff purchased the honey that was tested, or the state(s) in which the honey that was tested was purchased [*See generally id.*].

Relatedly, the proposed Amended Complaint alleges that:

> ***Some of the 2020 Strange Honey samples tested*** had HMF values of 109, 96, 88 and 122, in addition to testing positive for syrup and with a 100% certainty that the honey was from Vietnam. ***The 2022 Strange Honey samples*** had similarly high HMF values and tested with 100% certainty that the honey was from Argentina.

[*Id.* ¶ 31 (emphasis added)]. These allegations also do not identify which of the "2020 Strange Honey samples" were tested, the Plaintiff who purchased the particular Strange Honey tested, the state(s) where the Strange Honey in those samples was purchased, or whether these particular 2020 samples are the same as the 2020 samples identified earlier in the proposed Amended Complaint.

The allegations also do not identify whether the "2022 Strange Honey samples" are the same as the Strange Honey purchased by Plaintiff Jeffrey Riemer in 2022 [*See generally id.*]. And the proposed Amended Complaint does not allege any testing was conducted on the Strange Honey purchased by Plaintiff Robert Greer at Ingles in Tennessee in 2018 and Plaintiff Riemer at Food City in Tennessee in 2019 [*See generally id.*].

As to the Strange Honey Defendants' knowledge for all five (5) Counts, the proposed Amended Complaint continues to allege that:

> At all relevant times, Strange Honey knew or was reckless in not knowing that its honey was (a) defective, (b) adulterated with syrup, (c) did not have the attributes of raw honey, and (d) the defects, if known, would have failed to meet the reasonable expectations of consumers and would not have been sold at the prices Strange Honey charges for its honey products"

[*Id.* ¶ 36]. Like the initial Complaint, the proposed Amended Complaint does not identify the "relevant times" at issue in this action [*See generally id.*]. And as to the remaining Defendants' knowledge relevant to Count One, the proposed Amended Complaint alleges:

> 14. […] Food City had knowledge that the Strange Honey that it sold was adulterated as described in this Complaint.
> 15. […] Ms. Hagen has received actual notice that Strange Honey is adulterated as described in this Complaint.
> 35. […] Moreover, each of the Defendant retailers Food City, Ingles and Tennessee Artisan Honey had actual knowledge of Strange Honey's defects.
> 39. Defendants Ingles, Food City and Tennessee Artisan Honey sell directly to consumers. Ingles, Food City and Tennessee Artisan Honey all had actual knowledge that Strange Honey was not raw, not from Tennessee and not 100% honey. Despite this knowledge, Ingles, Food City and Tennessee Artisan Honey continued to sell Strange Honey to consumers with the honey mislabeled as described above.
> 49. Defendants Ingles, Food City and Tennessee Artisan Honey sold Strange Honey to consumers, knowing that the honey was adulterated and not as advertised. They had actual knowledge of the nature of Strange Honey's adulteration because Plaintiff Greer told them. In spite of this knowledge, they continued to sell Strange Honey with its false and misleading labels.
> 50. The representations made by Strange Honey, its Owner Members, Ingles, Food City and Tennessee Artisan Honey were false when made.

4

> 51. The representations were made either knowingly or with reckless disregard as to their veracity.
> 54. The Defendants supplied information to the Plaintiffs in the form of advertising and labeling. This information included the following representation: Strange Honey is raw, 100% pure and from Tennessee.
> 55. This representation was false in all respects.
> 56. The Defendants did not exercise reasonable care in obtaining or communicating this information.

[*Id.* ¶¶ 14, 15, 35, 39, 49, 50, 51, 54, 55, 56]. These allegations are identical to those contained in the initial Complaint [*See* Doc. 1 ¶¶ 14, 15, 35, 39, 49, 50, 51, 54, 55, 56]. Like the initial Complaint, the proposed Amended Complaint still does not identify the date when any Plaintiff allegedly informed each of the Defendants of the misrepresentation or the date that the Defendants were provided any actual notice of the misrepresentations [*See generally id.*].

## II. Analysis

Federal Rule of Civil Procedure 15(a)(2) provides that "the court's leave" is required for Plaintiffs to file an amended complaint at this stage. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also instructs that the Court "should freely give leave **when justice so requires**." *Id.* (emphasis added); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But justice does not require the Court to grant leave to amend if the amendment would be futile or cause "undue prejudice to the opposing party." *See Foman*, 371 U.S. at 182. An amendment is futile where the complaint, as amended, "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000).

While Plaintiffs' proposed Amended Complaint does provide additional factual support regarding the dates certain individual Plaintiffs purchased honey, pleading deficiencies continue to remain as to each count, rendering the proposed Amended Complaint futile. *See Belle v. F.B.I.*, 46 F. App'x 326, 328 (6th Cir. 2002) (futility where the amended complaint "did not correct the

deficiencies of the original complaint"); *Anderson v. Franklin*, No. 9-CV-11096, 2010 WL 742765, at *14 (E.D. Mich. Feb. 26, 2010) (futility where the amended complaint failed to plead fraud with specificity). And to the extent an amendment would not be futile, permitting Plaintiffs to amend their complaint, as proposed, at this stage of the proceedings after the Court has already dismissed nearly all of the Defendants and Counts would cause Defendants undue prejudice. *See Culy Constr. & Excavating, Inc. v. Laney Directional Drilling Co.*, No. 12-CV-4, 2012 WL 12942602, at *3 (S.D. Ohio Aug. 13, 2012) (denying leave to amend complaint after dismissal with prejudice where amendment would result in dismissed defendants "incur[ring] financial and time costs").

    A.    **Futility**

        i.    <u>Illinois Consumer Fraud Act (Count Two)</u>

The elements of a claim under the Illinois Consumer Fraud Act (ICFA) are "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod*, 673 F.3d at 574 (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)). Plaintiffs' ICFA fraud claim must be pled with particularity under Rule 9(b). *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (requiring a plaintiff to plead the "who, what, when, where, and how of the fraud" (citations omitted)).

Plaintiffs' proposed Amended Complaint still fails to meet the requirements of Rule 9(b). Count Two in the proposed Amended Complaint relies on Plaintiff Barker's February 21, 2020 purchase of Strange Honey from her home in Illinois [Doc. 54-1 ¶ 5]. This Count relies on assertions that "[t]he Strange Honey purchased by Plaintiffs in 2020 that t [sic] has been tested" is

6

from either Vietnam or Argentina, "[s]ome" "sample[]" of which was also tested for chemical values [*Id.* ¶¶ 19, 31]. Plaintiffs do not allege that the honey Plaintiff Barker purchased on February 21, 2020 was the tested Strange Honey "purchased by Plaintiffs in 2020" or was part of "[s]ome" "sample[]" of Strange Honey purchased in 2020. Failing to allege that the purported misrepresentation actually extended to the honey that Plaintiff Barker purchased on February 21, 2020 fails to plead the "who, ***what***, when, where, and ***how*** of the fraud." *See Camasta*, 761 F.3d at 736-37 (emphasis added) (affirming dismissal on 9(b) grounds for "sparse allegations" related to a "non-exhaustive list" of "a number of sales" "over a two-year period" "under different terms"). Because Plaintiffs have failed to allege Count Two with particularity in the proposed Amended Complaint, the complaint—as amended—would not survive a Rule 12(b)(6) motion, rendering an amendment on this claim futile. *See id.*, *Rose*, 203 F.3d at 420.

ii. <u>Florida Uniform Deceptive and Unfair Trade Practices Act (Count Four)</u>

The elements of a consumer claim for damages under the Florida Uniform Deceptive and Unfair Trade Practices Act (FDUTPA) are "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016) (citing *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. Dist. Ct. App. 2008)). Here, Plaintiffs' FDUTPA claim is grounded in fraud, so it must comply with Rule 9(b)'s heightened pleading requirements. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327-28 (S.D. Fla. 2017) (citing *Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG*, 341 F. App'x 487 (11th Cir. 2009)).

Count Four suffers the same fate as Count Two. Count Four of the proposed Amended Complaint relies on Plaintiff Bowers's February 27, 2020 purchase of Strange Honey from her

7

Florida home [Doc. 54-1 ¶ 7]. Like Count Two, Count Four also relies on the same blanket assertions related to some honey "purchased **by Plaintiffs in 2020** that t [sic] has been tested" and "[s]ome" "sample[]" of honey that was tested for chemical values [*Id.* ¶¶ 19, 31]. Plaintiffs do not allege that the honey Plaintiff Bowers purchased on February 27, 2020 was part of the 2020 samples of honey that were tested and shown to be something other than what the label claimed. Failing to allege that the false misrepresentation actually applied to Plaintiff Bowers's February 27, 2020 purchase neither "state[s] with particularity the circumstances constituting fraud" nor gives the Strange Honey Defendants "notice of the nature of the unfair practices" at issue. *See* Fed. R. Civ. P. 9(b); *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 18-MD-2841, 2019 WL 5423457, at *7 (S.D. Fla. Oct. 23, 2019). Because Plaintiffs' purported Amended Complaint fails to allege the circumstances of the alleged fraud in Count Four with particularity, this portion of the purported Amended Complaint too would not survive a Rule 12(b)(6) motion, rendering an amendment futile. *See Rose*, 203 F.3d at 420.

### iii. North Carolina Uniform Deceptive Trade Practices Act (Count Three)

Plaintiffs' proposed Amended Complaint does not cure the deficiencies in Count Three of the initial Complaint. A violation of North Carolina's Uniform Deceptive Trade Practices Act (NC UDTPA), as alleged here, "requires proof of three elements: '(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs.'" *See Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 729 (M.D.N.C. 2015) (quoting *Walker v. Fleetwood Homes of N.C., Inc.*, 362 N.C. 63, 653 S.E.2d 393, 399 (2007)). Plaintiffs' NC UDTPA claim must be pled with particularity under Rule 9(b). *See id.* at 731-32. The allegations related to and contained in Count Three of Plaintiffs' proposed Amended Complaint

8

provide no additional specificity as to the date on which any alleged misrepresentation made by the Strange Honey Defendants to Plaintiff Tucker occurred. *See Am. BioCare Inc.*, 702 F. App'x at 422 (citing *Heinrich*, 668 F.3d at 393 (failure to plead fraud with particularity where plaintiff did not allege "the date she received the allegedly fraudulent email from defendants"); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504-05 (6th Cir. 2007) (insufficient pleading where plaintiff failed to "state the date that the allegedly fraudulent statements were made"); *United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017) (Rule 9(b) "demands specifics," not "inferences and implications")). Indeed, Plaintiffs have failed to allege ***any*** additional facts in support of Count Three [*Compare* Doc. 1 ¶¶ 6, 73-88, *with* Doc. 54-1 ¶¶ 6, 73-88]. Because the proposed Amended Complaint still does not satisfy Rule 9(b)'s heightened pleading standard, it would not "withstand a Rule 12(b)(6) motion to dismiss." *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 753 (6th Cir. 2012). Leave to amend would, therefore, be futile as to this claim. *See Rose*, 203 F.3d at 420.

### iv. Virginia Consumer Protection Act (Count Five)

Like Count Three, Plaintiffs' proposed Amended Complaint fails to cure the pleading deficiencies in Count Five. To state a cause of action for violation of the Virginia Consumer Protection Act (VCPA), Plaintiffs "must allege (1) fraud, (2) by a supplier, (3) in a consumer transaction." *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010) (citations omitted). Plaintiffs' VCPA claim is "governed by the heightened pleading standards of Rule 9(b)." *See Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015) (citing Va. Code Ann. § 59.1–200(A)). The allegations related to and contained in Count Five of Plaintiffs' proposed Amended Complaint are identical to those in Plaintiffs' initial Complaint, which the Court previously concluded were insufficient to state a claim. The proposed Amended Complaint

9

provides no additional specificity as to the date on which any alleged misrepresentation made by the Strange Honey Defendants to Plaintiff Turner occurred. *See Am. BioCare*, 702 F. App'x at 422. Indeed, Plaintiffs have failed to allege *any* additional facts in support of Count Five [*Compare* Doc. 1 ¶¶ 8, 73-88, *with* Doc. 54-1 ¶¶ 6, 105-20]. Because the proposed Amended Complaint still does not satisfy Rule 9(b)'s heightened pleading standard, it would not "withstand a Rule 12(b)(6) motion to dismiss." *See Smith*, 485 F. App'x at 753. Permitting an amendment as to Count Five would thus be futile. *See Rose*, 203 F.3d at 420.

v. <u>Fraudulent Misrepresentation (Count One)</u>

Plaintiffs' proposed Amended Complaint still fails to identify which state's law applies to Count One. Tennessee courts "apply the most significant relationship test contained in the Restatement (Second) of Conflict of Laws to determine which state law governs tort claims," like this fraudulent misrepresentation claim. *See EPAC Techs., Inc. v. Thomas Nelson, Inc.*, 438 F. Supp. 3d 847, 854 (M.D. Tenn. 2018) (citing *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992)). "To apply the fraud provision of the Restatement, the Court needs to know facts regarding (1) where the [applicable] plaintiff suffered its harm, (2) where the [applicable] defendant's false representations or concealments took place, and (3) whether a different state has a more significant relationship to the fraud." *Id.* (citation omitted). Plaintiffs' proposed Amended Complaint appears to allege that fraudulent misrepresentations occurred in Tennessee, [Doc. 54-1 ¶¶ 3, 4], Illinois, [*id.* ¶ 5], North Carolina, [*id.* ¶ 6], Florida, [*id.* ¶ 7], and Virginia, [*id.* ¶ 8].

Fortunately for this Court, the salient law is generally the same in each of these jurisdictions. To state a claim for fraudulent misrepresentation in any of the jurisdictions, Plaintiffs must generally allege that the appliable Defendant knowingly made a representation of fact that

10

was false and that Plaintiffs relied on that representation to their detriment. *See Kinard v. Nationstar Mortgage LLC*, 572 S.W.3d 197, 209 (Tenn. Ct. App. 2018) (applying Tennessee law); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (applying Illinois law); *Jenkins v. AKZO Noble Coatings, Inc.*, 35 F. App'x 79, 85 (4th Cir. 2002) (applying North Carolina law); *In re Harris*, 3 F. 4th 1339, 1349 (11th Cir. 2021) (applying Florida law); *MSSI Acquisition, LLC v. Azmat Consulting, Inc.*, No. 1:11-CV-01312, 2012 WL 3309359, at *7 (E.D. Va. July 19, 2012), *report and recommendation adopted*, No. 1:11-CV-1312, 2012 WL 3309377 (E.D. Va. Aug. 13, 2012) (applying Virginia law and noting that "fraudulent misrepresentation" "may not be a cause of action distinct from a claim of actual fraud in Virginia"). The "circumstances" constituting fraudulent misrepresentation must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *see also BiotronX, LLC v. Tech. One Biomedical, LLC*, 465 F. Supp. 3d 797, 809 (M.D. Tenn. 2020) (applying Tennessee law); *Wigod*, 673 F.3d at 569 (applying Illinois law); *TSC Rsch., LLC v. Bayer Chems. Corp.*, 552 F. Supp. 2d 534, 543 (M.D.N.C. 2008) (applying North Carolina law); *Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1218 (S.D. Fla. 2020) (applying Florida law); *Sanford v. Smith*, 490 F. App'x 570, 570-71 (4th Cir. 2012) (applying Virginia law).

As discussed above, the proposed Amended Complaint fails to provide any dates associated with an alleged misrepresentation to Plaintiff Turner and Plaintiff Goodman. This failure also dooms any fraudulent misrepresentation claim Plaintiff Turner and Plaintiff Goodman seek to bring under Count One. As amended, these Plaintiffs' claims still do not meet the particularity requirement of Rule 9(b), so an amendment as to these Plaintiffs' claims under Count One is futile. *See Am. BioCare*, 702 F. App'x at 421-22.

For claims brought against Defendants Ingles Market; K-VA-T Food Stores, Inc. d/b/a Food City; and Carol Hagen, d/b/a Tennessee Artisan Honey; Plaintiffs allege that the three (3)

Defendants "had actual knowledge that Strange Honey was not raw, not from Tennessee and not 100% honey" "because Plaintiff Greer told them," but they "continued to sell Strange Honey to consumers with the honey mislabeled" [*Id.* ¶¶ 35, 39, 49]. While Plaintiffs need not plead "knowledge" with particularity, each of these three (3) Defendants could not have made an intentional misrepresentation, as a matter of law, until each of them knew of the adulteration or mislabeling "because Plaintiff Greer told them" [*Id.* ¶ 49]. *See Kinard*, 572 S.W.3d at 209; *Wigod*, 673 F.3d at 569; *Dancey Co., Inc. v. Borg-Warner Corp.*, 799 F.2d 717, 719 (11th Cir. 1986). The failure to provide any alleged date when Plaintiff Greer told each of these three (3) Defendants of the alleged alteration or mislabeling is a failure to allege the "circumstances" of the fraudulent misrepresentation. *See* Fed. R. Civ. P. 9(b). Because Plaintiffs' proposed Amended Complaint did not correct this deficiency identified in its initial Complaint, permitting an amendment as to these Defendants in this Count would be futile. *See Rose*, 203 F.3d at 420.

Several other Plaintiffs' claims fail because the proposed Amended Complaint does not allege any connection between those Plaintiffs' purchases of honey and subsequent testing of some number of honey samples. Plaintiffs allege that "Strange Honey and its Owner Members made representations of existing material facts, including that the honey was raw (false); the honey was pure (false); and the honey was from Tennessee (false)" [Doc. 54-1 ¶ 48]. But as discussed previously, in support of their allegations, Plaintiffs rely on testing of several unidentified batches of honey, purchased by some unidentified Plaintiff, at some point in 2020 and at some point in 2022, in some unidentified state. Plaintiff Greer purchased the Strange Honey at issue in 2018 and Plaintiff Riemer purchased some of the Strange Honey in 2019, well before the honey samples that were actually tested were purchased [*See* Doc. 54-1 ¶¶ 3, 4]. As pled, Plaintiffs have not asserted any connection between evidence in support of later allegedly mislabeled honey and purchases

12

made years before. This disconnect fails to articulate the "circumstances" constituting any fraudulent misrepresentations made in 2018 and 2019. *See Power & Tel. Supply Co.*, 447 F.3d at 931 (affirming dismissal of intentional misrepresentation claim brought under Tennessee law where plaintiff failed to plead the "circumstances of the purported misrepresentations").

As to the remaining Plaintiffs' claims in Count One—related to Plaintiff Riemer's 2022 purchase, Plaintiff Barker's 2020 purchase, and Plaintiff Bowers's 2020 purchase—the proposed Amended Complaint is deficient. It is unclear whether the honey that Plaintiff Bowers purchased on February 27, 2020 and the honey that Plaintiff Barker purchased on February 21, 2020 was part of (1) "the Strange Honey purchased by Plaintiffs in 2020 that t [sic] has been tested," (2) "honey purchased by Plaintiffs in 2020 that was tested," or (3) "[s]ome of the 2020 Strange Honey samples tested" that all purport to provide evidence of the alleged fraudulent misrepresentation [*See* Doc. 54-1 ¶¶ 19, 31]. Likewise, it is also unclear whether the honey that Plaintiff Riemer purchased on March 19, 2022 was part of the "2022 Strange Honey samples tested" [*Id.* ¶ 31]. Failing to allege that the specific misrepresentation actually applied to Plaintiff Bowers's February 27, 2020 purchase, Plaintiff Barker's February 21, 2020 purchase, or Plaintiff Riemer's March 19, 2022 purchase fails to "state[] with particularity the circumstances constituting fraud" or "alert[] defendants to the particulars of the allegations against them so they can intelligently respond." *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014). These claims, like the remaining claims against all Defendants in Count One, are not pled with particularity. *See* Fed. R. Civ. P. 9(b). Accordingly, permitting an Amended Complaint would be futile as to Count One in its entirety. *See Rose*, 203 F.3d at 420.

13

Case 3:20-cv-00262-KAC-DCP   Document 66   Filed 03/28/23   Page 13 of 15   PageID #: 359

### B. Prejudice

Even if it were not futile to permit Plaintiffs to file at least some portion of their proposed Amended Complaint, permitting Plaintiffs to amend their complaint at this stage of the proceedings would cause undue prejudice to the Defendants who previously expended significant resources to brief successful motions to dismiss. Plaintiffs' attempt to amend comes not only after the Strange Honey Defendants and Stores Defendants painstakingly briefed motions to dismiss but also after the Court granted both of those motions and dismissed those Defendants from this action [*See* Docs. 18; 27; 50; 51]. Granting leave to amend after dismissing certain claims and Defendants is within the Court's discretion. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010). But the Strange Honey Defendants and the Stores Defendants have already incurred significant expense and spent time litigating successful motions to dismiss Plaintiffs' initial complaint. Permitting the proposed amendment now would prejudice these Defendants by requiring them to reenter this action and relitigate each of those issues. *See Knight Cap. Partners Corp. v. Henkel AG & Co.*, 930 F.3d 775, 786 (6th Cir. 2019); *Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011). And permitting the proposed amendment would effectively nullify the Court's prior orders dismissing nearly all of the Defendants in this case. *See Culy Constr. & Excavating*, 2012 WL 12942602, at *3. This is particularly vexing and prejudicial as it relates to those claims and Plaintiffs for which the proposed Amended Complaint includes no new factual allegations. Accordingly, the Court cannot fairly grant Plaintiff leave to amend without significantly prejudicing each of the Defendants Plaintiffs seek to add back into this action. This, justice does not require.

## III. Conclusion

Because Plaintiffs' proposed Amended Complaint does not meet Rule 9(b)'s requirements, "it cannot withstand a Rule 12(b)(6) motion to dismiss." *See id.* Granting leave to amend Plaintiff's Complaint would, therefore, be futile. *See Rose*, 203 F.3d at 420. And even if permitting amendment would not be futile as to all claims and all Plaintiffs, allowing Plaintiffs to amend their complaint after the Court has dismissed five (5) of the six (6) Defendants in this case and dismissed all but one claim in one (1) Count would cause those Defendants undue prejudice. Accordingly, the Court denies Plaintiffs' "Motion for Leave to File First Amended Class Action Complaint" [Doc. 54].

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge